UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Criminal Number 05-308 (GK) |
| JOHNNY LEE LUCAS, : | |
| : | |
| Defendant : | |
| : | |
| : | |

MOTION TO SUPPRESS EVIDENCE
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Johnny Lee Lucas, by counsel requests this court to suppress all physical evidence obtained in the search of his residence and automobile on June 10, 2005 by members of the District of Columbia Metropolitan Police Department (MPD). As grounds for this motion, Lucas contends that the MPD failed to properly execute the warrant.

Grounds for this motion are further detailed in the following memorandum in support of this motion.

MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS

Factual Background

On June 10, 2005 members of MPD executed a search warrant on Mr. Lucas' residence located at 1140 North Capitol Street, N.W., Apartment 605. A pistol, ammunition, currency, various items associated with prescription drugs, blank checks, currency, and identifying documents were recovered during the search of the residence. No record was made of items recovered pursuant to the search of the red Volkswagen Golf bearing D.C. tag CA3635. This vehicle was owned by and registered to Mr. Lucas' wife, Lashon Yvette Harrison.

Just prior to the time the police entered his apartment, Mr. Lucas was asleep on the couch located in the living room of his apartment. The living room is situated a few feet from the front door of the apartment. In their execution of the warrant on Mr. Lucas' premises, police knocked once loudly on the front door. Mr. Lucas immediately rose from the sofa, and while walking toward the door, heard a voice say "police", which was immediately followed by a loud boom. Police failed to announce their purpose. It took Mr. Lucas less than 5 seconds to reach the front door after he heard the knock.

## Argument

**I.     The physical evidence retrieved from Mr. Lucas' apartment should be suppressed because the police failed to comply with the requirements of 18 U.S.C. § 3109.**

The "knock and announce" statute permits officers to break into a home only if they announce their purpose and are refused admittance. Section 3109 provides that an "officer may break open any outer or inner door or window of a house . . . to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance . . . " The Supreme Court has long recognized the importance of strict enforcement of this statute:

> The requirement of prior notice of authority and purpose before forcing entry into a home is deeply rooted in our heritage and should not be given grudging application. Congress, codifying a tradition embedded in Anglo-American law, has declared in § 3109 the reverence for the individual's right of privacy in his house.

*Sabbath v. United States,* 391 U.S. 585, 589 (1968) (citations omitted). "The liberty interests which [the knock and announce statute] are designed to protect, and which require construction of the statute, are significant even when an officer simply turns a handle and walks through an unlocked door. They are at their zenith when the ram team

does its work." *Griffin v. United States*, 618 A.2d 114, 119-20 (D.C. App. 1992) (citations omitted).

By its terms, § 3109 permits an officer to break open a door only "if . . . he is refused admittance." This Court has held that "'the phrase "refused admittance" is not restricted to an affirmative refusal, but encompasses circumstances that constitute constructive or reasonably inferred refusal.'" *United States v. Spriggs,* 996 F.2d 320, 322 (D.C. Cir.), *cert. denied*, 114 S.Ct. 359 (1993), quoting *United States v. Bonner,* 874 F.2d 822, 824 (D.C. Cir. 1989, quoting *United States v. Masiello*, 317 F.2d 121, 122 (D.C. Cir. 1963). An officer may infer refusal from the occupant's failure to open the door. However, "[this Court] require[s] that the officer wait <u>at least ten seconds</u> (absent some intervening exigency) before inferring that he is being refused admission and proceeding forcibly to break in." *United States v. Kemp*, 12 F.3d 1140, 1142 (D.C. Cir. 1994) (citations omitted) (emphasis added).

The announce portion of the "knock and announce statute" is not satisfied by the word "police". The statute explicitly requires that officers not only give notice of their authority (this was satisfied by the word "police"), but that they also state their "purpose". In this instance, police failed to comply with the statute requiring them to state their purpose before breaking the door and entering the apartment.

Officers broke Mr. Lucas' apartment door in order to gain entry into his apartment. However, they failed to ascertain whether Mr. Lucas was at home, and would respond to the knock by opening the door. After police initially knocked on the door, they broke and entered the apartment after less than 5 seconds. In fact, Mr. Lucas was on

4

his way to the door mere seconds after the knock, and had to quickly step back to avoid being rammed by the door as police smashed it open. No intervening exigency existed.

Therefore, the breaking into Mr. Lucas' apartment was not justified because requirements of Section 3109 were ignored by the police, in that they failed to announce their purpose, and had no reasonable belief that they were being denied entrance into the apartment before they broke and entered. *See e.g.,, Woods v. United States*, 240 F.2d 37 (1956) (evidence obtained as result of unlawful entry where police failed to comply with statute).

The government bears the burden of proving that exigent circumstances warranted the entry of a residence by police officers executing a warrant without first announcing their presence and authority. U.S. Const. amend. IV; *United States v. Bates*, 84 F.3d 790 (6th Cir. 1996). The remedy for failing to knock and announce is suppression of evidence. *United States v. Kennedy*, 32 F.3d 876 (4th Cir. 1994); *United States v. Becker,* 23 F.3d 1537, 1541-42 (9th Cir.1994); *United States v. Finch*, 998 F.2d 349, 354 (6th Cir. 1993).

II.     **The items recovered from the red VW should be suppressed because MPD failed to prepare and provide Mr. Lucas with a seizure list or any other paperwork documenting the results of the search.**

Rule 41(f) requires that upon execution of the search warrant, officers conducting the search must note the time and date of the search, prepare and verify an inventory of any property seized in the presence of another person and the person from whom the property was taken, and must give a copy of the receipt for the property taken to the person from whom the property was taken. MPD failed to comply with any of the above

provisions.  Even if justification existed for the search of the vehicle outside of the presence of Mr. Lucas, no excuse exists for the failure to comply with the above requirements after the fact.

                Respectfully submitted by
                JOANNE VASCO, ESQUIRE
                4102 Madison Street
                Hyattsville, MD 20781
                301.864.6424
                joanne_vasco@hotmail.com
                Attorney for Johnny Lee Lucas