UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 05-308(GK) |
| | : | |
| **JOHNNY LUCAS,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE OF UNCHARGED MISCONDUCT
AND MOTION IN LIMINE TO INTRODUCE EVIDENCE OF SAME**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully gives notice of its intent to use evidence of uncharged misconduct in this case. At the outset, the government contends that this evidence is not 404(b) evidence, but only that this evidence will be offered by the government as direct evidence of the crimes charged in the indictment, or to put those crimes in an understandable context. Alternatively, however, the government argues that evidence of this uncharged misconduct on the part of the defendant is relevant to defendant's motive, intent, preparation, plan, state of mind, absence of mistake or accident or inadvertence and knowledge, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). In support of its motion, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**STATEMENT OF FACTS**

On or about May 21, 2005, MPD officers received a radio run for a man with a gun inside a red Volkswagen in the rear of 1140 North Capitol Street, NW. As the officers drove into the area, they saw some men walk away from a red Volkswagen and enter an apartment building. Witnesses in the area told the officers that the men who had walked away from the car were always selling drugs from it. The officers continued to watch the car, and the defendant and another person came

out of the building and drove off in the car. The officers stopped the car, asked the defendant to step out of it, and inquired as to whether he had any drugs or weapons on him. The defendant said that he had his prescription medicine, and consented to a search of his person. The officers patted him down, and felt two pill bottles in his right front pants pocket. When they recovered the bottles, they found that one was empty, and one contained 10 Oxycontin pills. The labels on the bottles indicated that they belonged to Lashawn Harrison. The defendant then said that the prescription was for his wife, but they were separated, and he could not reach her. The officers also recovered a blank Howard University Hospital prescription pad from defendant's pants pocket. The defendant was not arrested on this occasion. However, the officers obtained a search warrant for the defendant's apartment, which was in the building from which he had come before entering the car. This warrant was executed on June 10, 2005. As a result of the search warrant, officers recovered a loaded .38 caliber revolver next to an empty Oxycontin bottle, and $150. The pistol was missing its pistol grips, which were also found in the apartment. Also recovered were 41 rounds of .38 caliber ammunition, 34 rounds of .380 caliber ammunition, three other empty Oxycontin bottles in the names of other people, blank checks, and a number of outdated prescriptions scripts in the name of the defendant and other people, as well as rental receipts for the apartment in the defendant's name.

## THE GOVERNMENT INTENDS TO USE RULE 404(b) EVIDENCE IN THIS CASE

Despite the fact that the defendant here was not charged with Possession of Drug Paraphernalia, the Government wishes to admit all of the above evidence to show that the defendant knowingly possessed and illegally possessed Oxycontin on about May 21, 2005, approximately 20 days prior to the execution of the warrant. The government respectfully submits that this evidence

is admissible as direct evidence of the crimes charged here–Possession of a controlled dangerous substance.

## DISCUSSION

      A.    <u>The evidence is admissible because it is direct evidence of the charged offense, and is necessary to put this offense in its proper context.</u>

"Rule 404(b) excludes only evidence 'extrinsic' or 'extraneous' to the crimes charged, not evidence that is 'intrinsic' or 'inextricably intertwined.'" <u>United States</u> v. <u>Allen</u>, 960 F.2d 1055, 1058 (D.C. Cir.), <u>cert.</u> <u>denied</u>, 506 U.S. 881 (1992) (affirming admission of evidence that defendant had "watched" crack sale moments before crack was seized from his house); <u>see also</u> <u>United States</u> v. <u>Gartmon</u>, 146 F.3d 1015, 1020 (D.C. Cir. 1998) (evidence that defendant charged with fraud had threatened a coconspirator not "other crimes evidence" but instead "inextricably intertwined" with charged offense); <u>United States</u> v. <u>Graces</u>, 133 F.3d 70, 77 (D.C. Cir. 1998) (holding that evidence that "was part of the story" was not other crimes evidence); Fed. R. Evid. 404(b), Advisory Comm. Note regarding 1991 Amendment ("The amendment does not extend to evidence of acts which are 'intrinsic' to the charged offense [citation omitted]."). Here, the possession of the drug paraphernalia is direct evidence of the defendant's possession of the Oxycontin on May 21, 2005. The defendant indicated that the pills belonged to his wife, and that he could not reach her in order to give them to her because they were separated. Since the government is required to establish that the defendant knowingly possessed an illegal drug, the evidence of his possession of the drug paraphernalia discovered in this case would be direct evidence of this crime.

B.      The Evidence Is Admissible under Rule 404(b)

But even assuming that the evidence described above is not intrinsic evidence of the charged offense, the evidence is still admissible under Rule 404(b). The U.S. Court of Appeals for the District of Columbia Circuit has established a two-step test for determining whether 404(b) evidence of other criminal activity is properly admitted in a criminal trial. United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). "The first step requires that the evidence be probative of some material issue other than character. See Fed. R. Evid. 404(b). The second step requires that the evidence not be inadmissible under Rule 403." Clarke, 24 F.3d at 264 (citing United States v. Washington, 969 F.2d 1073, 1080 (D.C. Cir. 1992), cert. denied, 507 U.S. 922 (1993)). Both requirements are easily met here.

Federal Rule of Evidence 404(b) is "'a specialized rule of relevancy.'" United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984) (quoting 2 J. Weinstein & M. Berger, Weinstein's Evidence 44-49). Specifically, Rule 404(b) places only a single restriction on the introduction of evidence of a person's bad acts: such evidence is inadmissible to prove "the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b); see also Clarke, 24 F.3d at 264 ("As this court has previously stated, '[o]nly one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect in character; a man with such a defect in character is more likely than men generally to have committed the act in question.'") (quoting Moore, 732 F.2d at 987 n.30); United States v. Rogers, 918 F.2d 207, 209 (D.C. Cir. 1990). Thus, "other crimes" evidence is admissible under Rule 404(b) so long as it is relevant in any other way than by using the prohibited inference of bad conduct from bad character.

See, e.g., United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir.) ("[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.") (emphasis in original), cert. denied, 498 U.S. 825 (1990).

The D.C. Circuit reaffirmed the position that Rule 404(b) is a rule of inclusion rather than a rule of exclusion in United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc), cert. denied, 525 U.S. 1149 (1999):

> We have recognized before that although the first sentence of Rule 404(b) is "framed restrictively," the rule itself is "quite permissive," prohibiting the admission of other crimes evidence "in but one circumstance" -- for the purpose of proving that a person's actions conformed to his character. United States v. Jenkins, 928 F.2d 1175 (D.C. Cir. 1991).

Thus, trial courts have wide discretion in determining whether evidence is admissible under Rule 404(b). See United States v. Watson, 894 F.2d 1345, 1349 (D.C. Cir. 1990); Moore, 732 F.2d at 992 (both holding that trial courts have "wide discretion" in applying Rule 404(b)). If the Court deems the evidence to be relevant, the Court should exclude the evidence only if its probative value "is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978); see also Huddleston v. United States, 485 U.S. 681, 686 (1988). In close cases, the rule tilts toward the admission of the prior misconduct evidence. See United States v. Johnson, 802 F.2d 1459, 1463-64 (D.C. Cir. 1986) ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged") (quoting Day, 591 F.2d at 878). A trial court's 404(b) ruling is afforded "much deference on review," and is reviewed only for an abuse of discretion. United States v. Cassell, 292 F.3d 788, 792 (D.C. Cir. 2002) (internal quotation omitted).

C.  The Evidence Is Admissible Under Rule 403

To the extent that evidence of the possession of the drug paraphernalia is prejudicial, the prejudice does not substantially outweigh the probative value. "All relevant evidence is admissible. . ." Fed. R. Evid. 402. Relevant evidence should be excluded only if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. It is hornbook law that Rule 403's definition of prejudicial evidence does not include evidence that simply prejudices defendant's changes of acquittal:

> "Of course," as the Fifth Circuit has remarked, "'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" The Committee's Note explains that "unfair prejudice" means an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." Evidence that appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action may cause a jury to base its decision on something other than the established propositions in the case.

1 Weinstein and Berger, Weinstein's Evidence,¶403[03], at 403-33 to 40 (1996) (citations omitted); see also, United States v. Noland, 960 F.2d 1384, 1387 (8th Cir. 1992) ("In fact, no verdict could be obtained without prejudicial evidence.").

The Court of Appeals has explained Rule 403's prohibition of unfairly prejudicial evidence in this way:

> Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone. It does not bar powerful, or even "prejudicial" evidence. Instead, the Rule focuses on the "danger of unfair prejudice," and gives the court discretion to exclude evidence only if that danger "substantially outweigh[s]" the evidence's probative value. [citation omitted, alterations in original].

United States v. Gartmon, 146 F.3d 1015, 1020 (D.C. Cir. 1998) (affirming admission of evidence that the defendant, charged with fraud, had placed gun in wavering coconspirator's vagina and threatened her).

Even if the Court were to conclude that the evidence of the possession of the drug paraphernalia–i.e. the prescription pads, the empty bottles and the other prescriptions in both the defendant's name and others presented some "unfair prejudice," that prejudice does not "substantially outweigh" this evidence's great probative value. The balancing between probative and unfairly prejudicial should lean toward inclusion. See, e.g., United States v. Naranjo, 710 F.2d 1465, 1469 (10th Cir. 1983) ("Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing."); United States v. Morris, 79 F.3d 409, 412, (5th Cir. 1996) ("Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly."); United States v. Bradley, 145 F.3d 889, 893 (7th Cir. 1998) (Rule 403 is not a tool designed "to permit the Court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none."). Here, the defendant is on trial for possession of a controlled substance. He has attempted to explain this possession as his holding the prescriptions for his ex-wife. The fact that he has other drug-related paraphernalia for others does not constitute unfair prejudice under these circumstances.

WHEREFORE, the government respectfully requests that it be permitted to introduce the above-referenced evidence at trial.

        Respectfully submitted,

        KENNETH L. WAINSTEIN.
        UNITED STATES ATTORNEY

By: _____
        WANDA J. DIXON
        Assistant United States Attorney
        Organized Crime and Narcotics Trafficking Section
        555 Fourth Street, N.W., Room 4235
        Washington, D.C. 20530
        202/514-6997