UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | **Criminal Number 05-308 (GK)** |
| **JOHNNY LEE LUCAS,** : | |
| : | |
| **Defendant** : | |
| : | |
| : | |

MOTION TO SUPPRESS EVIDENCE
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Johnny Lee Lucas, defendant herein, through counsel, hereby moves to suppress evidence obtained from his person on May 21, 2005. Specifically, Mr. Lucas moves to suppress 2 pill bottles, one containing 10 oxycontin pills, and a book of blank prescriptions from Howard University Hospital. Mr. Lucas challenges the admission of this evidence on Fourth Amendment grounds.[1]

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS**

**Factual Background**

On May 21, 2005 Metropolitan Police Officers Robert Elliott and Michael Fanone received a radio run to respond to the rear of 1140 North Capitol Street, N.W. to investigate a report that a man with a gun was driving a red Volkswagen Golf bearing D.C. Tag Number CA 3635.[2] At some point[3] after the officers arrived at the address,

---

[1] This is Mr. Lucas' second motion to suppress. The first, filed October 10, 2005 [Doc. 16] was a motion to suppress evidence seized from Mr. Lucas' residence on June 10, 2005 pursuant to the execution of a search warrant.

[2] The facts put forth in this section derive solely from the affidavit in support of a search warrant for the search of 1140 North Capitol Street, N.W., Apartment 605 (Mr. Lucas' residence). Mr. Lucas has not received a copy of the radio run or any police reports memorializing this event.

[3] It is unclear whether Fanone spoke to the security guards before or after the stop. These and other relevant details must be established at a hearing on this motion.

security officers (presumably employed by the apartment management) informed Officer Fanone that 2 black males inside the red Volkswagen were selling drugs and had been doing so for a long time. They stated that they had observed many people, many of whom were driving cars licensed in Maryland and Virginia had approached Mr. Lucas as he was in the car. The officers were aware that this area, which is adjacent to the Sursum Corda Housing Cooperative, was known for drug trafficking and gun violence.

At some point after arriving in the area, Officer Fanone saw 2 black males, one of whom was Mr. Lucas[4] sitting inside a red Volkswagen which matched the broadcast description. He then observed Mr. Lucas drive away in the vehicle. Officer Fanone stopped the vehicle and ordered Mr. Lucas out. Officer Fanone asked Mr. Lucas if he was carrying any illegal drugs or weapons, and Mr. Lucas responded "No, you can check me, officer, all I have are my prescriptions." Officer Fanone then frisked Mr. Lucas and felt what he thought were pill bottles. He retrieved the pill bottles, one containing 10 oxycontin pills, and a pad of blank prescriptions from Howard University Hospital.

### Argument

**The evidence seized from Mr. Lucas on May 21, 2005 should be suppressed on Fourth Amendment grounds.**

The initial stop of the vehicle was unlawful because the officers did not have a reasonable suspicion that "criminal activity [was] afoot." *United States v. Brown*, 334 F.3d 1161, 1164 (D.C. Cir. 2003); *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Caselaw supports a brief investigatory stop if officers' suspicions are "reasonable". Therefore, an analysis of the facts available to the officers at the time of the stop determines the issue.

---

[4] It is unclear when the officers determined that the driver was Mr. Lucas.

**The Radio Run**.  There is no information available to Mr. Lucas at this time which indicates the source of the information provided to the dispatcher who initiated the radio run.  Whether or not this was an anonymous caller, a reliable informant, or an identifiable observer on the scene and exactly what was communicated to the officers must be explored to determine whether the information should have been relied upon by the officers.  The basis of the caller's knowledge is unknown.  The fact that no gun was subsequently recovered from Mr. Lucas or from within the vehicle casts doubt upon the reliability of the information.

**The Security Guards.**  The identity of the "security guards" who spoke to the officers, when the security guards spoke to the officers, and exactly what they told the officers as to the bases of their opinions must be determined in discerning whether the officers reasonably relied upon their statements.  The information provided to the officers that many persons with Maryland and Virginia tags had approached Mr. Lucas in the car is not a sufficient basis for an investigatory stop.  These people could have been seeking to purchase drugs and approached Mr. Lucas merely because his vehicle was parked in an area known for drug trafficking and no allegation has been made, except the conclusory "2 black males inside the Volkswagen were selling drugs" that anyone actually witnessed a drug transaction.

**The officers' observations.**  The officers personally observed Mr. Lucas sitting in the Volkswagen and subsequently drive away.  These facts add nothing to the reasonableness equation.

**Conclusion**

Many of the facts and circumstances alleged by the officers require amplification and clarification in order to determine the legality of the initial stop in this case. If, however, the information known to the officers prior to the stop amounted to no more than that they received a radio run based on an anonymous tip about a car involved in drugs and guns, the "security guards" conclusory statement that the car had been involved in drug transactions, and the officers' sighting of Mr. Lucas in the car, the officers suspicions that a crime was afoot did not rise to the level required to conduct a lawful stop.

                                Respectfully submitted by
                                JOANNE VASCO, ESQUIRE
                                4102 Madison Street
                                Hyattsville, MD 20781
                                301.864.6424
                                joanne_vasco@hotmail.com
                                Attorney for Johnny Lee Lucas