UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Criminal Number 05-308 (GK) |
| JOHNNY LEE LUCAS, | : | |
| | : | |
| Defendant | : | |
| | : | |
| | : | |

**SUPPLEMENT TO MOTION TO SUPPRESS EVIDENCE (Doc. No. 16)**

Johnny Lee Lucas, by counsel requests this court to consider the additional grounds delineated below in its consideration of his motion to suppress evidence obtained June 10, 2005 pursuant to the execution of a search warrant on his residence.

**Argument**

**I. The physical evidence retrieved from Mr. Lucas' apartment should be suppressed because the warrant was not supported by probable cause.**

Federal Rule of Criminal Procedure 41(d)(1) requires that the proper authority must issue a warrant if there is probable cause to search for and seize a person or property. In this instance, the affidavit in support of the search warrant did not contain facts sufficient to establish probable cause that Mr. Lucas' apartment would contain drugs and guns.

The items sought by police in the search warrant application were, in essence, drugs and guns and items related thereto. In support of the request for the search warrant, an affidavit was attached relating the facts surrounding the May 21, 2005 stop and search of Mr. Lucas which yielded 10 pills of oxycontin, a controlled substance contained in a vial bearing the name of Mr. Lucas' wife, and a pad of blank prescriptions.

Although the initial encounter with Mr. Lucas on May 21, 2005 resulted from a response to a radio run for a man in a car with a gun, no gun was recovered on that date. Ten pills and a pad of blank prescriptions simply do not amount to sufficient reason to believe that drugs and weapons would be located in Mr. Lucas' residence. To the extent that the warrant was based upon an informant's tip regarding a weapon (if the information forming the basis of the radio run was, indeed, based on an informant's tip), the warrant was insufficient because no information was provided about the reliability of the informant. The warrant must contain allegations that go beyond the affiant's mere suspicion or his repetition of another's mere suspicion. *Gonzalez v. Beto*, 425 F.2d 963 (5th Cir. 1970), *cert. denied,* 400 U.S. 928 (1970) and *cert. denied,* 400 U.S. 100 (1971). Here, the only reference to a gun in the affidavit is the information that for an unstated reason, a radio run issued for a man with a gun in a red Volkswagen.

Nothing contained in the application for the search warrant supports probable cause to believe that a gun was located within Mr. Lucas' residence. Therefore, even if police were justified in responding to the radio run to investigate a report of a man with a gun, their investigation failed to yield information which reasonably led them to believe a gun was secreted in Mr. Lucas' apartment. They found no indication of weapons on Mr. Lucas' person or in the vehicle. The tip proved to be false. This additional information does not logically support a finding of probable cause to support the issuance of the warrant.

Although a search warrant may be based on hearsay, in order to establish probable cause for its issuance, the affiant must provide the court with information which indicates that the informant has personally heard and/or observed that which he asserts. *United*

*States v. Lefkowitz*, 618 F.2d 1313 (9th Cir.), *cert. denied,* 449 U.S. 824 (1980); *United States v. La Fond,* 482 F. Supp. 1379 (E.D. Wis. 1980).

If the affidavit is based on observations of a past informant, it must contain information indicating the informant's past reliability and details regarding the basis of his knowledge. *United States v. Gray,* 626 F.2d 494 (5th Cir.), *cert. denied,* 449 U.S. 1038 (1980) and *cert. denied,* 449 U.S. 1091 (1981) and *cert. denied,* 450 U.S. 919 (1981).

Thus, although it is permissible to rely on hearsay in issuing a search warrant, the affidavit in this case cannot pass the 2-pronged test of *Aguilar v. Texas*, 378 U.S. 108 (1964), in that the issuing judge was not informed of the circumstances on which the affiant concluded that the informant was credible, or the circumstances upon which the informant based his conclusion.

The proof of the pudding is in the eating: a call for a man with a gun yielded no gun.

Search warrants of premises are properly issued where, for example, the informant <u>saw</u> furs in the basement and was told they were stolen, *Rugendorf v. United States,* 376 U.S. 528, *reh. denied,* 377 U.S. 940 (1964); a previously reliable informant <u>saw</u> heroin on the premises, *United States v. Freeman*, 358 F.2d 459 (2d Cir.), *cert. denied,* 385 U.S. 882 (1966); an unidentified informant had <u>seen</u> large quantities of heroin in defendant's apartment, *United States v. Perry,* 380 F.2d 356 (2d Cir.), *cert. denied,* 389 U.S. 943 (1967); the informant had been <u>present</u> in the apartment with co-defendants and <u>heard</u> them discuss robbery and had <u>seen</u> 2 pillowcases filled with money, rifles and handguns, *United States v. Bamberger,* 456 F.2d 1119 (3d Cir.), *cert. denied,*

406 U.S. 969 (1972), and *cert. denied,* 413 U.S.919 (1973). Notably absent in the caselaw surrounding probable cause for the issuance of a search warrant, was any case which presented facts remotely similar to those in this case, i.e., a basis for the issuance of a search warrant within a dwelling is an uncorroborated tip by an unidentified informant that a gun was in a vehicle driven by a defendant outside or near his dwelling, which instigated a search of the defendant and the vehicle which yielded no gun.

Ten oxycontin pills contained in a prescription bottle for Mr. Lucas' wife, along with a blank prescription pad does not provide probable cause to search the residence. No person is purported to have been inside the apartment and observed guns or narcotics; no person is purported to have purchased drugs from Mr. Lucas out of his apartment.

To sustain the legality of this search warrant would be to establish that probable cause to issue a search warrant of a defendant's residence exists if that person was found to be in possession of a controlled substance near his residence. Such a result would not only be absurd, but would flood the court with applications for search warrants and burden police with unnecessary and fruitless searches.

**II.    The physical evidence retrieved from Mr. Lucas' apartment should be suppressed because the search warrant was issued based on evidence recovered from Mr. Lucas in violation of the Fourth Amendment.**

If the oxycontin pills were recovered from Mr. Lucas in violation of the Fourth Amendment [see Motion to Suppress Evidence, Doc. # 22, incorporated herein by reference] as alleged by Mr. Lucas, their recovery cannot be used as the basis for the issuance of the search warrant. "A search warrant issued on the basis of information which has been obtained other than by lawful means is not a valid warrant." *United States v. Watson,* 307 F. Supp. 173, 175 (D.C.D.C. 1969).

Mr. Lucas is entitled to have the items seized from his dwelling suppressed since the affidavit was based on items obtained in violation of the Fourth Amendment, and there is no other untainted information contained in the affidavit which alone would have supported the warrant. *James v. United States,* 418 F.2d 1150 (D.C. Cir. 1969).

## **Conclusion**

The search warrant was illegally issued as it did not contain facts sufficient to support probable cause that drugs and guns were being secreted in Mr. Lucas' residence, and because the affidavit was based, in part, on evidence seized from Mr. Lucas in violation of the Fourth Amendment.

Respectfully submitted by

JOANNE VASCO, ESQUIRE
4102 Madison Street
Hyattsville, MD 20781
301.864.6424
joanne_vasco@hotmail.com
Attorney for Johnny Lee Lucas