UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Criminal Number 05-308 (GK) |
| JOHNNY LEE LUCAS, : | |
| : | |
| Defendant : | |
| : | |

**MOTION TO SEVER COUNTS
AND SEQUENTIAL INTRODUCTION OF COUNT TWO EVIDENCE
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant herein, Johnny Lee Lucas., through counsel pursuant to Rules 8(b) and Rule 14 of the Federal Rules of Criminal Procedure moves this Court to sever Counts One and Two of the indictment and to submit the elements of Count Two separately to the jury.  As grounds for this motion, Lucas submits the following memorandum of law.

**WHEREFORE**, for the reasons set forth in more detail in the attached memorandum, Mr. Lucas requests that this Court sever Count One and Count Two of the indictment, order separate trials on each count, and submit evidence on the elements of Count Two to the jury sequentially.

**RELEVANT FACTS**

On September 1, 2005, Mr. Lucas was arraigned on a two-count indictment charging him with Simple Possession of a Controlled Substance, oxycodone, a violation of Title 21, United States Code Section 844(a) and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, a violation of Title 18, United States Code, Section 922(g)(1).

Count One is based upon an incident which took place on May 21, 2005. Officers of the Metropolitan Police Department responded to a radio run for a man with a gun in the rear of 1140 North Capitol Street, N.W. There they observed Mr. Lucas in an automobile which matched the description given in the radio run. They ordered Mr. Lucas out of the automobile and found him in possession of 10 pills of oxycontin, a controlled substance, in a prescription bottle bearing the name of Lashawn Harrison, Mr. Lucas' wife.

Count Two is based upon a .38 caliber revolver and ammunition which was recovered by officers of the Metropolitan Police Department upon the execution of a search warrant at 1140 North Capitol Street, N.W., Apartment 605, Mr. Lucas' residence, on June 10, 2005.

## ARGUMENT

### Misjoinder

Rule 8(a) of the Federal Rules of Criminal Procedure provides that:
The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

"Misjoinder under Rule 8 is prejudicial *per se* and if the limits of the rule are exceeded, severance is mandatory." *United States v. Kabbaby*, 672 F.2d 857, 860 (11th Cir. 1982).

Joinder of parties and defendants under Rule 8 is designed to promote judicial economy and efficiency. *United States v. Davis,* 773 F.2d 1180 (11th Cir. 1985). It is the government's burden to show that the initial joinder is proper under Rule 8. *United States v. Davis, supra.* But the question of whether the initial joinder is proper under

Rule 8 is to be determined before trial by an examination by the trial court of the allegations stated on the face of the indictment. *United States v. Weaver,* 905 F.2d 1466 (11th Cir. 1990); *United States v. Morales,* 868 F.2d 1562 (11th Cir. 1989).

An examination of the indictment clearly reveals that the government has failed t meet its burden.

Counts One and Two of the indictment were improperly joined because they are not of the same or similar character, they are not based on the same act or transaction, and are not connected with or constitute part of a common scheme or plan.

The simple possession of a controlled substance is not the same, or similar in character as the possession of a firearm and ammunition. Congress, in enacting the federal penal statute considered weapons and narcotics offenses so distinct that they enacted separate titles for each class of crimes. One can obviously possess narcotics for personal use, or to transfer to another and this offense does not require the use of, or is any way similar to, the possession of a firearm. One can possess a firearm for purposes of personal protection, aggression, or self-defense, without the possession of, or use during, the possession of a controlled substance.

The narcotics possession charge arose from an on-the-street encounter between Mr. Lucas and police 20 days prior to the discovery of the weapon within Mr. Lucas' residence. The two unlawful acts are alleged to have occurred on two separate occasions in two separate locations. Thus, there is no basis upon which to conclude the crimes charged were part of the same act or transaction. The ten pills were allegedly found in Mr. Lucas' possession when he was removed from a vehicle. He was not found in possession of a weapon at that time. The weapon was retrieved from within Mr. Lucas'

residence some 20 days later. No controlled substances were found inside his residence. It cannot be said, therefore that Mr. Lucas was using the weapon to further his illegal drug activity, or to protect his stash of drugs, because he did not carry the weapon when he possessed the pills, and the weapon allegedly kept within his dwelling was not at-the-ready to be used to protect his stash of drugs because no drugs were found in Mr. Lucas' residence. *See, e.g., United States v. Holloway*, 1 F.3d 307 (5th Cir. 1993) (error to improperly join defendant's weapons charge with robbery charge where no evidence weapon found at time of arrest was used in robberies).

**Relief from Prejudicial Joinder**

Rule 14 of the Federal Rules of Criminal Procedure provides for severance from prejudicial joinder.  Severance for prejudicial joinder under Rule 14 is within the discretionary power of the trial Court.  *United States v. Lutz,* 621 F.2d 940, 945 (9th Cir. 1980).

If this Court rejects Mr. Lucas' claim of misjoinder under Rule 8(a), it should order a severance of counts pursuant to Rule 14 because Mr. Lucas' defense will be prejudiced by the joinder of Counts One and Two.  First, Mr. Lucas may present separate defenses on the charges, and a joint trial could "embarrass or confound" him in the presentation of those defenses.  *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964). Second, a joint trial would create the danger that the jury would use evidence admissible as to one count "to infer a criminal disposition" on the part of Mr. Lucas as to the other count, especially when considered in light of the government's proposal to introduce prescription bottles and blank prescriptions to bolster the drug possession count. *Id.; see, also, United States v. Foutz,* 540 F.2d 733, 736-38 (4th Cir. 1976); *United States v.*

4

*Gregory*, 369 F.2d 185, 189 (D.C. Cir. 1966), *cert. denied*, 396 U.S. 865 (1969). And a joint trial on both counts against Mr. Lucas creates a grave danger that the evidence as to each separate count will "cumulat[e] in the jurors' minds." *Id.; see, also United States v. Halper*, 590 F.2d 422, 430 (2d Cir. 1978); *United States v. Gregory*, 369 F.2d at 189. For each of these reasons, severance of Count One from Count Two is essential under Rule 14.

  Mr. Lucas will also suffer prejudice if the two counts are tried together, because the jury will learn that the defendant is a felon, a fact that would not be available to the jury in a separate trial on Count One. This circuit's "decisions in *Dockery* and *United States v Daniels* guard against the joinder of a felon-in-possession count with other counts because of the 'high risk of undue prejudice' insofar as such joinder allows evidence of a defendant's prior felony conviction 'to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible.' *United States v. Mangum*, 100 F.3d 164, 171 (D.C. Cir. 1996), (quoting *United States v. Daniels,* 770 F.2d 1111, 1116 (D.C. Cir. 1985)) and (referring to *United States v. Dockery,* 955 F.2d 50 (D.C. Cir. 1992)). *See, also, United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994) (citation omitted), where the court reversed because a felon in possession count was joined with other offenses reasoning that the "presumption that a jury will adhere to a limiting instruction evaporates where there is an overwhelming probability that the jury will be unable to follow the Court's instructions and the evidence is devastating to the defense.

  Finally, Mr. Lucas' right to testify on his own behalf would also be compromised by a single trial on both counts. Depending on the development of the case, it might be

5

advisable for Mr. Lucas to testify in the drug case, but not the weapons case. The improper joinder of the counts could prevent Mr. Lucas from exercising this right in a meaningful fashion. *Cross v. United States*, 335 F.2d 987 (D.C. Cir. 1964); *United States v. Holloway*, 1 F.3d 307 (5th Cir. 1993).

In order to prevent the prejudice inherent in presenting the jury with the fact of Mr. Lucas' prior felony conviction (an element of Count Two) while deciding the issue of whether he actually illegally possessed the weapon, Mr. Lucas suggests that the jury be required to reach a decision on the possession element of Count Two before it is presented with evidence of the prior felony element. The government should be precluded from proving the nature of Mr. Lucas' prior conviction, and be ordered to refrain from introducing evidence of the fact of Mr. Lucas' prior felony conviction. Mr. Lucas will offer to stipulate to the fact of his prior felony conviction. *United States v. Jones,* 67 F.3d 320, 324 (D.C. Cir. 1995); *Old Chief v. United States*, 519 U.S. 172 (1997); Federal Rule of Evidence 403.

## Conclusion

For the foregoing reasons, and for any additional reasons which may hereafter develop, defendant Johnny Lee Lucas requests that the Court sever Counts One and Two, order separate trials for each count, and submit the possession element of Count Two to the jury before informing it of the stipulation to the prior felony.

Respectfully submitted by

JOANNE VASCO, ESQUIRE
4102 Madison Street
Hyattsville, MD 20781
301.864.6424
joanne_vasco@hotmail.com
Attorney for Johnny Lee Lucas