UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Criminal Number 05-308 (GK) |
| JOHNNY LEE LUCAS, : | |
| : | |
| Defendant : | |
| : | |

**DEFENDANT'S OPPOSITION
TO INTRODUCTION OF OTHER CRIMES EVIDENCE
WITH INCORPORATED MEMORANDUM IN SUPPORT**

Defendant Johnny Lee Lucas, through counsel, hereby opposes the introduction of other crimes evidence as direct evidence of the crime or as Rule 404(b) evidence and submits the following memorandum in support of this opposition.

**Background**

The government has noted its intent to introduce evidence of alleged "uncharged conduct" as direct evidence of the crime, or, in the alternative, as 404(b) evidence relevant to motive, intent, preparation, plan, state of mind, absence of mistake or accident or inadvertence and knowledge at trial.

The government alleges that on May 21, 2005, MPD officers responded to 1140 North Capitol Street, N.W., in response to a radio run for a man with a gun inside a red Volkswagen. After observing Mr. Lucas in the vehicle, officers searched him and allegedly recovered two pill bottles and a blank Howard University Hospital prescription pad from his pants pocket. The labels on the pill bottles indicated that the medicine had been prescribed for Lashawn Harrison, Mr. Lucas' wife. No arrest was made at that time;

however, on the basis of this encounter, a search warrant for Mr. Lucas was issued and on June 10, 2005, members of the Metropolitan Police Department entered Mr. Lucas' apartment and allegedly recovered a loaded .38 caliber revolver, 4 empty oxycontin bottles in the names of persons other than Mr. Lucas, $150, pistol grips, 41 rounds of .38 caliber ammunition, 34 rounds of .380 caliber ammunition, blank checks, rental receipts, and outdated prescriptions in Mr. Lucas' and others' names.

## Discussion

The government seeks the admission of evidence surrounding the May 21, 2005 stop of Mr. Lucas at a trial on the two charged offenses: possession of oxycontin on May 21, 2005 and possession of a firearm by a convicted felon on June 10, 2005. The 10 oxycontin pills allegedly seized from Mr. Lucas' person on May 21, 2005, is indisputably direct evidence of the crime charged in Count One of the indictment. Presumably, the government seeks to introduce the other items seized from Mr. Lucas on May 21, i.e., the two pill bottles, and the blank prescription pad as "drug paraphernalia" associated with the possession of the 10 oxycontin pills. *See,* Govt.'s Notice of Uncharged Misconduct and motion in Limine to Introduce Evidence of Same (Document 18) at page 2 (government wishes to admit all of the above evidence to show that the defendant knowingly possessed and illegally possessed Oxycontin on about [sic] May 21, 2005.)

**I.    The evidence is not admissible as direct evidence of the crime.**

On May 21, 2005, in addition to the pill bottle containing 10 oxycontin pills, police recovered an empty oxycontin pill bottle and a pad of blank prescriptions from Mr. Lucas' person. During the search of Mr. Lucas' residence on June 10, 2005, police

recovered, *inter alia,* 2, not 3, empty pill bottles labeled oxycontin. (Search Warrant

Seizure List). The government alleges that these items are drug paraphernalia. However,

> The term "drug paraphernalia" means any equipment, product, or
> material of any kind which is primarily intended or designed for
> use in manufacturing, compounding, converting, concealing, producing
> processing, preparing, injecting, ingesting, inhaling, or otherwise
> introducing into the human body a controlled substance, possession
> of which is unlawful under the Controlled Substance Act (title II of
> Public Law 91-513). It includes items primarily intended for use in
> ingesting, inhaling, or otherwise introducing marijuana, cocaine,
> hashish, hashish oil, PCP, methamphetamine, or amphetamines into
> the human body, such as--
> (1)    metal, wooden, acrylic, glass, stone, plastic, or ceramic
> pipes with or without screens, permanent screens, hashish heads, or
> or punctured metal bowls;
> (2)    water pipes;
> (3)    carburetion tubes and devices;
> (4)    smoking and carburetion masks;
> (5)    roach clips; meaning objects used to hold burning
> material, such as a marijuana cigarette, that has become too small
> or too short to be held in the hand;
> (6)    miniature spoons with level capacities of one-tenth
> cubic centimeter or less;
> (7)    chamber pipes;
> (8)    carburetor pipes;
> (9)    electric pipes;
> (10)   air-driven pipes;
> (11)   chillums;
> (12)   bongs;
> (13)   ice pipes or chillers;
> (14)   wired cigarette papers; or
> (15)   cocaine freebase kits.
>
> Matters considered in determination of what constitutes drug paraphernalia.
> In determining whether an item constitutes drug paraphernalia, in addition
> to all other logically relevant factors, the following may be considered:
> (1)    instructions, oral or written, provided with the item concerning
> its use;
> (2)    descriptive materials accompanying the item which explain
> or depict its use;
> (3)    national and local advertising concerning its use;
> (4)    the manner in which the item is displayed for sale;
> (5)    whether the owner, or anyone in control of the item, is a
> legitimate supplier of like or related items to the community, such as

   a licensed distributor or dealer of tobacco products;
   (6) direct or circumstantial evidence of the ratio of sales of the item(s) to the total sales of the business enterprise;
   (7) the existence and scope of legitimate uses of the item in the community; and
   (8) expert testimony concerning its use.

21 United States Code § 863.

The blank prescriptions and empty pill bottles are not drug paraphernalia as it is defined by the statute. Possession of a prescribed drug is not illegal if it is prescribed to a user by a licensed physician. The mere fact that Mr. Lucas was in possession of a prescription bottle of a drug intended for his wife does not support the charge that he was in possession of an illegal drug. It follows that his possession of empty pill bottles and blank prescription forms is not "part of the story", as these items are not illegal to possess, and their characterization as "misconduct" is misplaced.

## II.     The evidence is not admissible as 404(b) evidence.

The evidence is not admissible as 404(b) evidence because the possession of empty pill bottles and blank prescription forms is not probative of the issue whether he was wrongfully in possession of the 10 oxycontin pills prescribed to his wife. The introduction of this evidence will prejudice the defendant by suggesting to the jury that the possession of the prescription pad and empty prescription bottles is evidence of prior or ongoing crime, and, as such, its probative value would be greatly outweighed by its prejudicial effect.

> This court has long cautioned against the highly prejudicial nature of other-crimes evidence. It "is always . . . prejudicial to the defendant It diverts the attention of the jury from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character." *United States v. James,* 181 U.S. App. D.C. 55, 555 F.2d 992, 1000 (D.C. Cir. (1977) (alteration in original) (quoting *United States v. Phillips,* 401 F.2d 301, 305 (7th Cir. 1968)), Federal Rule of Evidence 403

>embodies the concern for a defendant's right to a fair trial and requires the district court to reject evidence whose prejudicial effect substantially outweighs its probative value. *See, United States v. Simpson,* 301 U.S. App. D.C. 203, 992 F.2d 1224, 1229 (D.C. Cir.) (finding "the fairness of the entire proceeding" questionable when other-crimes evidence was improperly admitted), *cert. denied*, 126 L.Ed.2d 236, 114 S. Ct. 286 (1993).

*United States v. Jones,* 67 F.3d 320, 322 (D.C. Cir. 1995).

In accordance with the admonition stated in *Jones*, above, and because the items the government has proposed to introduce as evidence are not drug paraphernalia, this Court should not permit the government to introduce evidence of Mr. Lucas' possession of a blank prescription pad and empty pill bottles.

        Respectfully submitted by

        JOANNE VASCO, ESQUIRE
        4102 Madison Street
        Hyattsville, MD 20781
        301.864.6424
        joanne_vasco@hotmail.com
        Attorney for Johnny Lee Lucas