UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 05-308(GK) |
| | : | |
| **JOHNNY LUCAS,** | : | |
| | : | |
| **Defendant.** | : | |

GOVERNMENT'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S' SEVERANCE MOTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this memorandum in opposition to the defendant's motion to sever. The United States relies on the following facts and legal authority and any such facts and legal authority presented at any hearing in this case.

FACTUAL BACKGROUND

On or about May 21, 2005, MPD officers received a radio run for a man with a gun inside a red Volkswagen in the rear of 1140 North Capitol Street, NW. As the officers drove into the area, they saw some men walk away from a red Volkswagen and enter an apartment building. Witnesses in the area told the officers that the men who had walked away from the car were always selling drugs from it. The officers continued to watch the car, and the defendant and another person came out of the building and drove off in the car. The officers stopped the car, asked the defendant to step out of it, and inquired as to whether he had any drugs or weapons on him. The defendant said that he had his prescription medicine, and consented to a search of his person. The officers patted him down, and felt two pill bottles in his right front pants pocket. When they recovered the bottles, they

found that one was empty, and one contained 10 Oxycontin pills. The labels on the bottle indicated that they belonged to Lashawn Harrison. The defendant then said that the prescription was for his wife, but they were separated, and he could not reach her. The officers also recovered a blank Howard University Hospital prescription pad from defendant's pants pocket. The defendant was not arrested on this occasion. However, the officers obtained a search warrant for the defendant's apartment, which was in the building that he had come from to enter the car. This warrant was executed on June 10, 2005. As a result of the search warrant, officers recovered a loaded .38 caliber revolver next to an empty Oxycontin bottle, and $150. The pistol was missing its pistol grips, which were also found in the apartment. Also recovered were 41 rounds of .38 caliber ammunition, 34 rounds of .380 caliber ammunition, three other empty Oxycontin bottles in the names of other people, blank checks, and a number of outdated prescriptions scripts in the name of the defendant and other people, as well as rental receipts for the apartment in the defendant's name.

## ARGUMENT

### I. Defendant's Motion to Sever should be Denied.

If a defendant files a motion challenging joinder, the government may establish the propriety of Rule 8(b) joinder "at some time before trial." United States v. Johnson, 46 F.3d 1166, 1172 (D.C. Cir. 1995); United States v. Perry, 731 F.2d 985, 990 (D.C. Cir. 1984); United States v. Halliman, 923 F.2d 873, 883 (D.C. Cir. 1991). That showing does not have to be based solely on a reading of the indictment, as it was once thought, see Ward v. United States, 289 F.2d 877, 878 (D.C. Cir. 1961), but may be based on evidence at pre-trial hearings, including any hearings on other motions,

United States v. Wilson, 26 F.3d 142, 153 (D.C. Cir. 1994), the government's representations about what the trial evidence will show, United States v. Spriggs, 102 F.3d 1245, 1255 (D.C. Cir. 1996); United States v. Nicely, 922 F.2d 850, 854 (D.C. Cir. 1991), or representations in a bill of particulars. United States v. Martinez, 479 F.2d 824, 828 (1st Cir. 1973). If the indictment establishes the necessary connection, it may be sufficient. Spriggs, 102 F.3d at 1255; Johnson, 46 F.3d at 1172.

> Rule 8(b) of the Federal Rules of Criminal Procedure provides in pertinent part:
>
> > (b) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charges–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Typically, Rule 8(a) permits joinder of offenses when offenses are of the same or similar character, when offenses are based on the same act or transactions, or when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Fed.R.Crim.P. 8(a); see also United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001). Joinder under language of Rule 8(a) is "permissive," see United States v. Wirsing, 719 F.2d 859, 862 (6th Cir. 1983), and joinder is construed broadly to promote goals of trial convenience and judicial economy. See United States v. Gibbs, 904 F.2d 52, 56 (D.C. Cir. 1990); United States v. Price, 265 F.3d 1097, 1105 (10th Cir. 2001); Graham, 275 F.3d at 512; United States v. Walser, 3 F.3d 380, 385 (11th Cir. 1993). "[W]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate[,]" Wirsing, 719 F.2d at 863 (quoting United States v. Anderson, 642 F.2d 281, 284 (9th Cir. 1981)), and even when joinder is appropriate under Rule 8(a),

a district court may, in its discretion, grant the defendant a severance if it appears that the defendant is prejudiced by the joinder of offenses.  Fed.R.Crim.P. 14; see also Graham, 275 F.3d at 513.  This Circuit, however, has long established that the propriety of joinder in cases where there are multiple defendants must be tested by Rule (b) alone; Rule 8(a) has no application.  United States v. Brown, 16 F.3d 423, 427 (D.C. Cir. 1994); United States v. Halliman,  923 F.2d at 882-23; United States v. Jackson, 562 F.2d 789, 794 (D.C. Cir. 1977).

   Based upon the above-noted legal principles and the facts of this case, the counts in this indictment are  properly jointed for trial.  The offenses charged amounted to a common scheme or plan among conspirators to possess and distribute controlled substances.  See, e.g., United States v. Morales, 108 F.3d 1213, 1220 (10th Cir. 1997) (joinder appropriate where defendant was involved in common scheme to launder illegally derived drug proceeds and evidence among co-defendants is overlapping and intertwined).

   WHEREFORE, the United States respectfully requests that defendant's motion to sever be DENIED.

                              Respectfully submitted,

                              KENNETH L. WAINSTEIN.
                              UNITED STATES ATTORNEY

By:   _____
     WANDA J. DIXON
     Assistant United States Attorney
     Organized Crime and Narcotics Trafficking Section
     555 Fourth Street, N.W., Room 4122
     Washington, D.C. 20530
     202/514-6997