UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No.: 05-308(GK) |
| | : | |
| JOHNNY LUCAS, | : | |
| Defendant | : | |

## GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S SEVERANCE MOTION

Comes now the United States by its attorney, the United States Attorney for the District of Columbia and requests this Court to consider the additional grounds of opposition asserted herein in its consideration of defendant's Motion to Sever Counts and Sequential Introduction of Count Two Evidence.

## BACKGROUND

On September 1, 2005, defendant was arraigned with respect to a two-count Indictment. Count One charges defendant with simple possession of a controlled substance, in violation of 21 U.S.C. § 844(a). Count Two charges defendant with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). On October 27, 2005, defendant filed a "Motion to Sever Counts and Sequential Introduction of Count Two Evidence" in which defendant urged this Court to sever the trial of Counts One and Two of the Indictment. Defendant argues that the counts are improperly joined pursuant to Fed. R. Crim. P. 8(a) and that, additionally, defendant is entitled to relief from prejudicial joinder pursuant to Fed. R. Crim. P. 14. (Rec. Doc. No. 24). Without necessarily agreeing with all of defendant's contentions, the government concedes that Counts One

and Two should be severed in this case.

In addition to seeking severance of the *counts* charged in the Indictment, defendant suggests that the trial of the *elements* of Count Two be bifurcated such that the jury would be required to reach a decision with respect to the possession element of a § 922(g)(1) violation before the evidence of defendant's status as a convicted felon is introduced to the jury.[1]  Defendant maintains that the introduction of evidence proving his status as a convicted felon at the same time as the evidence supporting the remaining elements of the crime would cause undue prejudice during a trial of Count Two.  This supplemental memorandum addresses defendant's contention that this Court should sever the "ex-felon" element from the remaining elements of a § 922(g)(1) charge.

## ARGUMENT

Section 922(g)(1) is a "status crime" which requires the Government to prove three elements: (1) that the defendant is a member of the class of persons prohibited from possessing firearms or ammunition; (2) that the defendant possessed a firearm or ammunition: and (3) that the firearm or ammunition has the required connection to interstate commerce.  United States v. Drew, 5 F. Supp. 2d 16, 18 (D.D.C. 1998).  Because proof of prior bad acts is necessary to prove the first element of Count Two of the Indictment, "the Government is furnished with a *per se* proper purpose for seeking admission of evidence that might otherwise be inadmissible."  Id. (citation omitted); see United States v. Mangum, 100 F.3d 164, 171 & n.10 (D.C. Cir. 1996) (noting that evidence of ex-felon status is "obviously admissible" to prove an element of a § 922(g)(1) crime).

---

[1]Defendant's motion does not make any suggestion with respect to how the interstate commerce element of the § 922(g)(1) charge should be tried in this case.

While recognizing that the trial of a count charging a violation of § 922(g)(1) with other counts may, in some circumstances, create the possibility of prejudice to a defendant by permitting a juror to improperly consider the defendant's prior felony conviction by engaging in a sequence of bad character reasoning, the Court of Appeals for the District of Columbia Circuit has repeatedly rejected any requirement that the "ex-felon" element be tried separately from the other two elements of a § 922 crime in order to cure any potential prejudice.  See United States v. Clark, 184 F.3d 858, 866-87 (D.C. Cir. 1999);  United States v. Bowie,  142 F.3d 1301, 1307-08 (D.C. Cir. 1998); Mangum, 100 F.3d at 171 & n.11.  As explained by the District of Columbia Circuit:

> As we noted in United States v. Mangum, when a jury is not "told all the elements of the crime, it may, justifiably, question whether what the accused did was a crime. . . . Possession of a firearm by most people is not a crime. . . . Doubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element." 100 F.3d 164, 171 n. 11 (D.C. Cir.1996) (quoting United States v. Collamore, 868 F.2d 24, 28 (1st Cir.1989)). For that reason, we rejected defendant Mangum's contention that the district court should have "bifurcate[d] the ex-felon element and the other elements" of section 922(g)(1). Id. at 171. For the same reason, we reject Clark's suggestion that bifurcation was required here . . . .

Clark, 184 F.3d at 867.  In short, separating the ex-felon element out of a trial of a § 922 (g)(1) charge until the possession element is decided by the jury would deprive the prosecution of its "rightful opportunity" to prove that a guilty verdict is warranted by keeping from the jury "the fact that the reason it [is] unlawful for [defendant] to possess a gun [is] that he [is] an ex-felon." Id.

In order to address any possible prejudice attendant to the introduction of evidence of defendant's prior felony conviction, the District of Columbia Circuit has recognized that trial courts can take protective measures, short of separating the ex-felon element from the other elements of a § 922(g)(1) crime, which evince a sufficiently "scrupulous regard for the defendant's right to a fair

trial," and thus protect defendant from undue prejudice.  Bowie, 142 F.3d at 1303 (citing United States v. Daniels, 770 F.2d 1111, 1118 (D.C. Cir. 1985) and United States v. Dockery, 955 F.2d 50, 50 (D.C. Cir. 1992)).  In this case, defendant's right to a fair trial with respect to Count Two of the Indictment can be sufficiently protected if (1) defendant's prior conviction is proved by stipulation alone and without reference to the nature of the underlying crime; (2) the stipulation reads only that the defendant has been convicted of a crime "punishable by a term of imprisonment exceeding one year"; (3) the only references made to the prior conviction are those necessary to explain the charge to the jury; and (4) the Court instructs the jury that it should not consider evidence of defendant's prior conviction for anything other than that element of the § 922(g)(1) charge alleged in Count Two of the Indictment.  See Bowie, 142 F.3d at 1307 (affirming and setting forth the protective measures employed by the trial court); see also Clark, 184 F.3d at 865, 867-88 (upholding a stipulation in a § 922(g)(1) case that stated that the defendant has been convicted of a "crime punishable by a term if imprisonment exceeding one year" and rejecting defendant's suggestion that the stipulation should state that he was a "prohibited person").

WHEREFORE, for all of the above and foregoing reasons, the Government would respectfully request that this Court reject defendant's invitation to bifurcate the trial of Count Two and should permit the Government to submit to the jury evidence supporting all of the elements of the § 922(g)(1) crime charged in its case-in-chief, subject to the protective measures outlined above.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:     _____
WANDA J. DIXON
Assistant United States Attorney

Organized Crime and Narcotics Trafficking Section
555 Fourth Street, N.W., Room 4122
Washington, D.C. 20530
(202) 514-6997