UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal No.: 05-308(GK) |
| : | |
| **JOHNNY LUCAS,** : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S MOTION FOR REVOCATION OF RELEASE**

The United States, by and through its attorney, Kenneth L. Wainstein, the United States Attorney for the District of Columbia, hereby moves for revocation of the conditions of release in this case, and in support of this motion, the United States relies upon the following:

1. On June 10, 2005, the defendant was arrested and ultimately charged with Possession of Oxycycontin and Possession of a Handgun after Conviction of a Felony. On June 14, 2005, the defendant appeared in federal court before a Magistrate Judge. The government's motion for pretrial detention based on risk of flight due to the defendant's two prior prison breach convictions was denied, and defendant was released on his personal recognizance with certain conditions. On July 20, 2005, the Pretrial Services Agency (hereinafter PSA) informed the Court that they wished to terminate their supervision of the defendant based on his poor compliance and drug violations. On August 5, 2005 PSA renewed their request for defendant's removal, stating that he needed an inpatient drug program and that no program would take him while he was undergoing detoxification from methadone, which would not be completed before the end of September or mid-October. At that time the defendant continued to test positive for cocaine. On September 14, 2005, the defendant appeared in court before the Honorable Gladys Kessler, and was found to have had his first group of negative tests for cocaine. However, at that time, he was testing positive for opiates. PSA

recommended an inpatient treatment program. On October 7, 2005, the defendant was ordered to enter the New Directions drug treatment program, and continued on personal bond while waiting to enter the program. On November 29, 2005, PSA issued a request for defendant's removal from their program, stating that he had not completed the admissions process for the New Directions drug treatment program, that they had tried unsuccessfully to contact him, and that his whereabouts were unknown to them. On December 2, 2005, the defendant failed to appear for a previously scheduled court hearing. On December 19, 2005, defendant appeared in court as directed, stating through his attorney that medical issues and his related hospitalization had prevented his appearance in court on December 2, 2005. The Court denied the government's motion for bond revocation at that time. The Court also denied defendant's motions to suppress evidence. Court reconvened later in the day on December 19, 2005, to consider defendant's placement in the PSA Intensive Supervision program. The defendant was found to be ineligible for the Intensive Supervision Program because his residential telephone was not working. The Court ordered the defendant to pay his residential telephone bill by January 16, 2006, and that defendant be placed in the Intensive Supervision Program after the bill is paid. The Court also ordered defendant to report in person once a week and submit to weekly drug tests with Pretrial Services. Defendant was continued on personal recognizance.

2. On December 20, 2005, the defendant was arrested for Possession with Intent to Distribute Heroin and Possession of Crack Cocaine in the 1300 block of North Capitol Street.

3. The Government now moves for revocation of the defendant's release pursuant to 18 U.S.C. § 3148(1)(A) and (B), and asks the Court to schedule a hearing on this matter. The government has declined to pursue these new offenses separately due to the amount of drugs

recovered. However, at a hearing, the government can still show probable cause to believe that the defendant committed these crimes as required by 18 U.S.C. § 1348(1)(A), and that there is clear and convincing evidence that the defendant has violated his conditions of release as required by 18 U.S.C. § 1348(1)(B). Moreover, the fact that the defendant involved himself in new criminal activity one day after being reinstated on personal recognizance by the Court indicates his dangerousness to the community and his inability to abide by any condition or combination of conditions of release.

WHEREFORE, the United States respectfully requests that a revocation hearing be held and that this Court modify defendant's conditions of release as appropriate to ensure the safety of the community.

Respectfully submitted,

KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

By: _____

WANDA J. DIXON
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
555 Fourth Street, N.W., Room 4122
Washington, D.C. 20530
202/514-6997