UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
v.                                :   Criminal No.: 05-308(GK)
                                  :
JOHNNY LUCAS,                     :   **FILED**
                                  :
        Defendant.                :   FEB 17 2006
                                  :
                                      NANCY MAYER WHITTINGTON, CLERK
                                      U.S. DISTRICT COURT

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSE:

The essential elements of the offense of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), are:

1.   That the defendant knowingly possessed a firearm, that is, a handgun;

2.   That the firearm had been shipped or transported from one state to another; and,

3.   That at the time the defendant possessed the handgun, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, and such crime does not involve the exceptions in 18 U.S.C. § 921(a)(20).[1]

See District of Columbia Criminal Jury Instruction 4.79 (1993) ("Red Book").

II.  COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

---

[1] In 18 U.S.C. § 921(a)(20), the statute defines a "crime punishable by imprisonment for a term exceeding one year" as excluding such business crimes as antitrust offenses, as well as offenses characterized by the state as misdemeanors that are punishable by imprisonment for two years or less. The predicate felony in this case does not trigger any of these exceptions.

III.   PENALTIES:

Pursuant to 18 U.S.C. §§ 922(g), 924(a)(2), and 3571(b)(3), the defendant may be imprisoned for not more than ten years, subjected to a fine of not more than $250,000, or both. Furthermore, he may be subjected to a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2).

The defendant agrees to pay a special assessment of $100 to the Clerk's Office for the United States District Court prior to the date of sentencing.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 246470

WANDA J. DIXON
Assistant United States Attorney
Narcotics Section
555 4th Street, N.W. #4122
Washington, DC 20001
(202) 514-6997; Fax: 514-9155