

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

February 15, 2006                    **FILED**

**FEB 1 7 2006**

Joanne Vasco, Esq.
4102 Madison Street              **NANCY MAYER WHITTINGTON, CLERK**
Hyattsville, MD 20781-1754              **U.S. DISTRICT COURT**

Re: United States v. **Johnny Lee Lucas**
Criminal Number **05-308**

Dear Ms. Vasco:

This letter confirms the agreement between your client, **Johnny Lee Lucas**, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

**Johnny Lee Lucas'** Obligations, Acknowledgments and Waivers:

1. Your client, **Johnny Lee Lucas**, agrees to admit guilt and enter a plea of guilty to **Count 2, Possession of a Firearm by a Convicted Felon**, in violation of **18 USC § 922(g)(1)**. Your client understands that pursuant to **18 U. S. C. 924(a)(2)** the charge **carries a maximum penalty of a term of imprisonment of not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than three years**. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has

Rev. 1/18/05 daj

two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2.  Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above and as described more fully in a proffer of evidence, that he possessed a Johnsonsson .38 caliber revolver.

3. The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this agreement. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

4.  In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture, official use and/or destruction of said firearm by any law enforcement agency involved in the seizure of the item.

5.  Your client acknowledges that the Government will not seek a change in your client's release conditions pending sentencing, unless it is discovered that the defendant has violated any condition of his current bond and or conditions of release. Your client understands that the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.

6.  In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury ,or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

7.  Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the

Court is not obligated to follow any recommendation of the Government at the time of sentencing.

8. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.


## THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

10. This Office will request that the Court dismiss the remaining counts of the indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

11. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by **two levels based upon your client's acceptance of responsibility, pursuant to Section 3E1.1,** provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

General Conditions

12. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense committed within their respective jurisdictions.

14. There are no other agreements, promises, understandings or undertakings between your client and this Office . Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

Wanda J. Dixon
Assistant United States Attorney

Rev. 1/18/05 daj                                        4

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, **Joanne Vasco**, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.


Date: 2-17-06

Johnny Lee Lucas
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.


Date: 2-17-06

Joanne Vasco, Esquire
Attorney for the Defendant


Rev. 1/18/05 daj

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
          v.                      :          Criminal No.: 05-308(GK)
                                  :
JOHNNY LUCAS,                     :
                                  :
          Defendant.              :

## FACTUAL PROFFER

On or about May 21, 2005, Metropolitan Police Officers (hereinafter MPD) received a radio run for a man with a gun inside a red Volkswagen in the rear of 1140 North Capitol Street, NW. As the officers drove into the area, they saw some men walk away from a red Volkswagen and enter an apartment building. Witnesses in the area told the officers that the men who had walked away from the car were always selling drugs from it. The officers continued to watch the car, and the defendant and another person came out of the building and drove off in the car. The officers stopped the car, asked the defendant to step out of it, and inquired as to whether he had any drugs or weapons on him. The defendant said that he had his prescription medicine, and consented to a search of his person. The officers patted him down, and felt two pill bottles in his right front pants pocket. When they recovered the bottles, they found that one was empty, and one contained 10 Oxycontin pills. The labels on the bottle indicated that they belonged to Lashawn Harrison. The defendant then said that the prescription was for his wife, but they were separated, and he could not reach her. The officers also recovered a blank Howard University Hospital prescription pad from defendant's pants pocket. The defendant was not arrested on this occasion.

Based on the information indicated above, the officers obtained a search warrant for the defendant's apartment, which was in the building that he had come from to enter the car. This warrant was executed on June 10, 2005. As a result of the search warrant, officers recovered a loaded .38 caliber revolver next to an empty Oxycontin bottle, and $150. The pistol was missing its pistol grips, which were also found in the apartment. Also recovered were 41 rounds of .38 caliber ammunition, 34 rounds of .380 caliber ammunition, three other empty Oxycontin bottles in the names of other people, blank checks, and a number of outdated prescriptions scripts in the name of the defendant and other people, as well as rental receipts for the apartment in the defendant's name. When defendant arrived at the police station, he waived his rights and gave a video-taped statement admitting that he sometimes carried the gun for protection, and that he had recently purchased ammunition for it.

There are no firearm or ammunition manufacturers located within the District of Columbia. Therefore, the firearm seized from Mr. Lucas' apartment on June 10, 2005, a Johnson .38 caliber revolver along with ammunition was manufactured outside the District of Columbia and was shipped, transported, or delivered through interstate or foreign commerce into the District of Columbia at some point prior to June 10, 2005.

At the time the defendant possessed the handgun on June 10, 2005, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, and such crime does not involve the exceptions in 18 U.S.C. § 921(a)(20).[1]   Specifically, he had been convicted of the felony offense of Distribution of Cocaine, in case number F-9385-87, in the Superior Court of the District of Columbia, on April 28, 1988, for which he received a sentence of 11 to 33 months.

### Defendant's Acceptance

I have read both pages of the Government's Factual Proffer and have discussed it with my attorney, Joanne Vasco, Esquire. I fully understand this document and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense charged.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the plea agreement. I am satisfied with the legal services provided by my attorney in connection with my plea agreement and matters related to it.

Date: 2 - 17 - 06

JOHNNY LEE LUCAS, Defendant

---

[1] In 18 U.S.C. § 921(a)(20), the statute defines a "crime punishable by imprisonment for a term exceeding one year" as excluding such business crimes as antitrust offenses, as well as offenses characterized by the state as misdemeanors that are punishable by imprisonment for two years or less. The predicate felony in this case does not trigger any of these exceptions.

*Attorney's Acknowledgment*

I have read both pages constituting the Government's Proffer of Proof, reviewed them with my client and discussed the provisions of the Proffer with my client, fully. These pages accurately and completely set forth the evidence as we understand it. I concur in my client's desire to plead guilty and cooperate with the Government as set forth in the agreement.


Date:  2-17-06                                    _Joanne Vasco_
                                                  JOANNE VASCO, Esquire
                                                  Attorney for the Defendant