**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | **Criminal Number 05-308 (GK)** |
| **JOHNNY LEE LUCAS,** : | |
| : | |
| **Defendant** : | |
| : | |

## MEMORANDUM IN AID OF SENTENCING

**Procedural Background**

On September 1, 2005, a two-count superseding indictment was filed against Mr. Lucas charging him with one count of simple possession of a controlled substance (oxycontin), and one count of possession of a firearm by a convicted felon.

On February 17, 2006, Mr. Lucas entered a plea of guilty to Count 2 of the Superseding Indictment, possession of a firearm by a convicted felon. The statutory maximum penalty for this offense is 10 years' incarceration. Based on the offense level and Mr. Lucas' prior criminal history, the guideline range for the offense is 33-41 months' incarceration.

Sentencing is set for May 9, 2006

**Medical Background**

Mr. Lucas is suffering from full-blown AIDS. He has been under treatment for this condition since 1995. Mr. Lucas probably contracted the virus as a result of his long-term heroin abuse. In addition to this terminal illness Mr. Lucas suffers from Hepatitis C, genital herpes, leg ulcers (which cause him excruciating pain and occasionally blood

clots in the groin) for which he has been prescribed potent pain-killers, bipolar disorder and depression (and a myriad of other less severe physical problems caused by the virus and the side effects of his medications). He receives disability payments because the bipolar disorder renders him unable to work. Mr. Lucas has occasionally been hospitalized as a result of the blood clots in his groin, a life-threatening condition.[1]

**Requested Sentence**

Mr. Lucas' life is filled with pain and despair. As a result of his condition and life style he has no contact with his four children or any other family members or friends, and lives a solitary existence. The pain he experiences fuels his depression, and he spends his time receiving medical attention, in his apartment alone, or seeking the heroin his habit demands. There are two ways to look at Mr. Lucas. One, as a person who has brought all of this misfortune upon himself as a result of his heroin use and deserves whatever he gets, or two, as an individual in the advanced stages of a terminal illness who experiences a great deal of pain on a regular basis and deserves our compassion and mercy in spite of the self-inflicted aspect of his situation. Thus, the question then becomes, how do we - the court, and society in general - deal with the least fortunate of our members?

Given the well-known dismal quality of medical care available to prisoners, it is doubtful Mr. Lucas can be maintained in a prison setting and would probably not long survive incarceration.

This court is authorized, under the United States Sentencing Guidelines § 5H1.4, to depart from the guideline range due to the condition of the offender's health. There is no question that Mr. Lucas is seriously infirm. Therefore, Mr. Lucas requests that rather

---

[1] See, list of medications taken by Mr. Lucas, Presentence Investigation Report dated April 4, 2006, prepared by U.S.P.O. Tenille Losch, at pages 9-10. Ms. Losch has verified Mr. Lucas' various medical conditions in her contacts with health care providers.

2

than sentence him to a period of incarceration, this Court find that a downward departure is warranted in his case, and that he be sentenced to a period of probation requiring home confinement, with mandatory drug testing and treatment, if available.

/s/
JOANNE VASCO, ESQUIRE
4102 Madison Street
Hyattsville, MD 20781
301.864.6424
joanne_vasco@hotmail.com
Attorney for Johnny Lee Lucas